UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES V. KUNTZ,

      Plaintiff,

  v.                                                         Case No. 16-CV-2676 (JNE/BRT)
                                                                  **ORDER**

MESSERLI & KRAMER P.A.,

      Defendant.

This matter is before the Court on Plaintiff James V. Kuntz's motion for an award of reasonable attorneys' fees and costs against Defendant Messerli & Kramer P.A pursuant to Fed. R. Civ. P. 54(d). (*See* Dkt. No. 22.) Kuntz moved for attorneys' fees after accepting an offer of judgment on his Fair Debt Collection Practices Act ("FDCPA") and invasion of privacy claims in the amount of $4,500. (*See* Dkt. Nos. 19, 20.) Messerli & Kramer opposes Kuntz's motion, primarily on the ground that the request for $37,207.50 in fees and costs is excessive. (*See* Defendant's Response Memorandum in Opposition ("Def. Br."), Dkt. No. 31.) For the following reasons, the Court grants only part of the requested fees and costs.

## I. STANDARD OF REVIEW

The FDCPA permits a successful plaintiff to recover the costs of the action and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(3). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this "lodestar method," courts should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. As to a reasonable hourly rate, courts should consider "those prevailing in the community for similar services by lawyers of reasonably

1

comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

In arriving at an appropriate total lodestar amount, courts may consider factors such as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citation omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## II. DISCUSSION

### A. Reasonable Hours

Kuntz's FDCPA claim arises from alleged abusive telephone calls he received between December 2015 and August 2016. (Am. Compl. ¶¶ 13-31, Dkt. No. 5.) Messerli & Kramer answered Kuntz's Amended Complaint shortly after he initiated this action. (*See* Dkt. No. 6.) The Parties engaged in some discovery, including a short deposition of Kuntz lasting under three hours in February 2017. (*See* Dkt. No. 32-2.) Less than eight months elapsed between the initiation of this lawsuit and its conclusion in March 2017, when Kuntz accepted Messerli & Kramer's offer of judgment for $4,500. (*See* Dkt. No. 19.) During that time, the Parties did not engage in any dispositive motion practice. The Parties otherwise engaged in very little litigation.

Kuntz seeks fees on hours billed for the following: preparation of the complaint and amended complaint (10.71 hours), file review, investigation, and strategy (5.98), pre-trial conferences (4.88), discovery issues (15.76), deposition-related activities (18.79), outlining a motion for punitive damages and reviewing the offers of judgment (3.26), the fee petition (6.20), and miscellaneous activities (6.94). *See* Plaintiff's Memorandum in Support of His Motion ("Pl. Br.") 3-5, Dkt. No. 27.) He also seeks fees for paralegal work involving: filing and serving documents (2.00), drafting and emailing the Rule 26(f) report (1.00), scheduling (0.50), drafting and serving discovery (1.00), drafting an authorization and subpoena (2.00), and drafting, editing, and serving deposition notices (1.50). (*See* Dkt. No. 28-2 at 4-8.) In total, Kuntz requests fees on 72.52[1] hours of attorney work and 8 hours of paralegal work. (*See* Pl. Br. 3-6.)

The bulk of counsel's billed hours were excessive, redundant, and unnecessary for this uncomplicated and only modestly contentious FDCPA action. Neither the subject matter, nor the procedural history, of this case necessitated the work of two attorneys. *See Hensley*, 461 U.S. at 434 (noting that some cases may be "overstaffed"). Moreover, as Messerli & Kramer points out, the suit appears to be similar to one brought on behalf of Kuntz in 2014 in the District of North Dakota—in which Kuntz was represented by only one attorney, Thomas J. Lyons, Sr. *See Kuntz v. Rodenburg LLP*, No. 14-CV-55, 2015 WL 12591723 (D.N.D. July 13, 2015), *aff'd,* 838 F.3d 923 (8th Cir. 2016). This suggests that there were possible efficiencies and cost savings in litigating this similar action for the same plaintiff.

It is questionable whether certain activities were necessary at all, such as the bulk of the discovery activities or outlining the motion for punitive damages. The extent of time expended on some of the activities also appears unreasonable. For example, although a complaint is

---

[1] Kuntz's motion papers suggest that the total is 73.03 hours, but the breakdown included within adds up to 72.52 hours. (*See* Pl. Br. 3-5.)

required in every action, it was unreasonable for counsel to spend over ten hours drafting a seven page, 44-paragraph complaint that mirrors in substantial part the complaint from Kuntz's earlier action. (*Compare* Am. Compl., *with* Dkt. No. 32-1.) The time spent on deposition activities (18.79 hours) is also out of proportion to the simple and subdued nature of this action.

Messerli & Kramer also brings to the Court's attention the possibility that counsel may not have conveyed Messerli & Kramer's early $1,001 offer of judgment to Kuntz. (*See* Def. Br. 3, 7.) During Kuntz's deposition, he could not recall whether he had received notice of this offer of judgment. (*See* Dkt. No. 32-2 at 26.) Given that Kuntz's estimated damages, not including attorneys' fees and other costs, is approximately $1,200, the bulk of the litigation in this case seemingly could have been avoided. (*See id.* at 27.) The low damages amount also exhibits the action's low level of difficulty and supports the conclusion that much of counsel's billed time was unnecessary.

In view of the foregoing and the Court's goal of doing "rough justice" in awarding fees, the Court finds that approximately 70% of counsel's billed time was excessive, redundant, and/or unnecessary in this action. The Court therefore only awards fees on 22 hours of attorney work and 2.5 hours of paralegal work.

### B. Reasonable Hourly Rate

Kuntz requests fees for his attorneys, Thomas J. Lyons, Sr. and Thomas J. Lyons, Jr., at $500 and $450 per hour, respectively. (*See* Pl. Br. 8.) He also requests fees for paralegal work at $125 per hour. (*See, e.g.*, Dkt. No. 28-2 at 10.) Messerli & Kramer argues that these rates are excessive and should be reduced to $300 and $275 per hour, respectively. (*See* Def. Br. 11-13.)

The Court is well aware of Kuntz's counsel's history of litigation. *See, e.g.*, *Rouse v. Hennepin Cty.*, No. 12-CV-326 (DWF/SER), 2016 WL 3211814 (D. Minn. June 9, 2016); *Fouks*

*v. Red Wing Hotel Corp.*, No. 12-CV-2160 (JNE/FLN), 2013 WL 6169209 (D. Minn. Nov. 21, 2013). The Court is also aware that counsel's requested rates are above the market average for Minnesota. (*See, e.g.*, Dkt. No. 37-2 at 16 (listing the median hourly rate for consumer law attorneys in Minnesota at $350 for 2015 to 2016).) The requested paralegal's hourly rate is also above the market average. (*See id.* (listing the median hourly rate for all paralegals at $82).)

Counsel's above-average rates might be reasonable in exceedingly complicated, contentious, and difficult cases, but this case is not one of them. This simple FDCPA action did not require extensive expertise in consumer protection law.

Based on the Court's familiarity with the prevailing market rate for representation in a consumer protection matter of this type and level of difficulty, the Court finds that, for the purposes of the lodestar analysis in this case, the reasonable hourly rates for Lyons, Sr. and Lyons, Jr. are $350 each. The paralegal rate is reduced to $80 per hour. Multiplying these figures by the reasonable hours expended in this case, the Court awards $7,700 in fees for attorney work and $200 in fees for paralegal work, for a total of $7,900.

### C. Costs and Set-off

Kuntz also requests $824.27 in costs for postage, his filing fee, parking, mileage, service, and a deposition transcript fee. (*See* Dkt. Nos. 22, 28-2 at 9-10.) Messerli & Kramer disputes $343.18 for the transcript fee because Kuntz did not end up using the transcript in this action. (*See* Def. Br. 27-28.) Messerli & Kramer also seeks a set-off for court reporter and attorneys' fees incurred in connection with Kuntz's deposition. (*See id.* at 24-27.) Kuntz replies that the deposition was necessary to assess damages and for tactical reasons. (*See* Plaintiff's Reply Memorandum ("Pl. Reply Br.") 11, Dkt. No. 35.)

Fed. R. Civ. P. 54(d)(1) establishes a presumption that a prevailing party is entitled to recover costs. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381-82 (2013). Although Kuntz did not use the deposition transcript before accepting Messerli & Kramer's second offer of judgment, the transcript fee was reasonably necessary at the time it was incurred due to the likely probability that the deposition would be useful to Kuntz in further prosecuting this action. *See* 28 U.S.C. § 1920(2); *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431-32 (8th Cir. 2017). Therefore, the Court awards the full $824.27 in costs to Kuntz. In view of this conclusion and the Court's goal of doing rough justice, which the Court has done in calculating reasonable attorneys' fees, the Court declines to award Messerli & Kramer a set-off.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff James V. Kuntz's Motion for Reasonable Attorney's Fees and Related Nontaxable Expenses [Dkt. No. 22] is GRANTED.

2. Fees in the amount of $7,900 are awarded in favor of Plaintiff James V. Kuntz and against Defendant Messerli & Kramer P.A.

3. Costs in the amount of $824.27 are awarded in favor of Plaintiff James V. Kuntz and against Defendant Messerli & Kramer P.A.

Dated: August 4, 2017.

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge